IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS LANGLEY, JR.                                          PLAINTIFF

v.                        Case No. 17-2171

ACUTRAQ BACKGROUND
SCREENING, INC., SOUTHERN PERSONNEL
MANAGEMENT, INC. d/b/a
SPMI: MY HR PROFESSIONALS, and
WILSON'S HEATING & AIR CONDITIONING, INC.          DEFENDANTS

## COMPLAINT

Comes now Plaintiff Thomas Langley, Jr., through his attorneys and for his Complaint, states:

## INTRODUCTION

1. In August 2017, Mr. Langley, a nearly 20-year veteran of the heating and air conditioning industry, received a conditional offer of employment to work for Wilson's Heating & Air Conditioning, Inc. ("Wilson's Heating & Air"). Mr. Langley passed his drug test, and all that Mr. Langley needed to do to work was pass a background check. Acutraq Background Screening, Inc. ("Acutraq") and Southern Personnel Management, Inc. d/b/a SPMI: My HR Professionals ("SPMI") conducted the background check for Wilson's Heating & Air. Acutraq and SPMI reported to Wilson's Heating & Air that Mr. Langley had a felony sex abuse conviction and was a registered sex offender. Nothing was further from the truth. Mr. Langley has no such charge or conviction on his record. Instead, Acutraq and SPMI incorrectly reported Mr. Langley's father's felony record as Mr. Langley's record, despite that they have different birthdates, social security numbers, and addresses. Acutraq and SPMI's grievous error caused

Mr. Langley to lose the job and to suffer significant emotional distress and harm to his reputation.

2. Mr. Langley sues Acutraq, SPMI and Wilson's Heating & Air for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

3. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. The FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

4. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

5. Defendants Acutraq and SPMI violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k by publishing grossly inaccurate criminal record information about Mr. Langley in a consumer report used for employment.

6. Congress also created heightened standards regulating how employers obtain and use information in consumer reports to conduct background checks on prospective employees. 15 U.S.C. § 1681b(b)(3). Under the FCRA, employers must provide notices to applicants before taking an adverse employment action whenever that decision is based, even just in part, on a consumer report. *Id.*

7. Defendant Wilson's Heating & Air violated the FCRA by taking an adverse employment action against Mr. Langley based on information in a consumer report without first providing Mr. Langley the pre-adverse action notice required by the FCRA and an opportunity to dispute the information.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly conduct business in this district and division.

10. Acutraq has contracted to supply services or things in Arkansas. It sells consumer reports in Arkansas and produces consumer reports on Arkansas residents. Acutraq also gathers and maintains substantial public records data from Arkansas.

11. SPMI has contracted to supply services or things in Arkansas. It sells consumer reports in Arkansas and produces consumer reports on Arkansas residents. SPMI also gathers and maintains substantial public records data from Arkansas.

12. Wilson's Heating & Air has contracted to supply services or things in Arkansas and regularly solicits and does business in Arkansas.

## PARTIES

13. Mr. Langley is a natural person and a "consumer" as protected and governed by the FCRA.

14. Acutraq is an Arkansas corporation. Acutraq can be served with process through its registered agent: Jeannie Baker, 2129 N. Center Street, Fayetteville, AR 72701.

15. Acutraq was a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

16. Acutraq compiles and maintains files on consumers on a nationwide basis. It then sells consumer reports to reseller consumer reporting agencies that rebrand them and sell them to end-users.

17. SPMI is an Arkansas corporation. SPMI can be served with process through its registered agent: Clifford Lyon, 113 N. Plaza Court, Van Buren, AR 72956.

18. SPMI was a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

19. SPMI is a reseller of consumer reports as defined by 15 U.S.C. § 1681a(u). It receives background information directly from other CRAs, including Acutraq, and assembles and merges that information into reports it sells to third parties, such as Wilson's Heating & Air.

20. Wilson's Heating & Air is an Arkansas corporation that specializes in heating and air conditioning maintenance. Wilson's Heating & Air can be served with process through its registered agent: Bobby Wilson, 715 Kerr St., Van Buren, AR 72957.

## FACTUAL ALLEGATIONS

21. In or about August 2017, Mr. Langley applied for employment with Wilson's Heating & Air.

22. Shortly after his application, Wilson's Heating & Air extended to Mr. Langley a conditional offer of employment as an installer at a rate of $13 per hour.

23. The conditional offer of employment was subject to the successful completion of a drug test and a background check.

24. Upon information and belief, on or about August 17, 2017, Wilson's Heating & Air engaged SPMI to compile a consumer report concerning Mr. Langley.

25. Upon information and belief, upon receipt of Wilson's Heating & Air order, SPMI then ordered a consumer report concerning Mr. Langley from Acutraq.

26. On or about August 21, 2017, Mr. Langley took and passed a drug test.

27. Upon information and belief, on or about August 22, 2017, Acutraq furnished a report concerning Mr. Langley to SPMI.

28. SPMI used the consumer report it purchased from Acutraq to create a subsequent consumer report concerning Mr. Langley it sold to Wilson's Heating & Air.

29. Neither SPMI nor Acutraq provided Mr. Langley with notice they were reporting adverse public record information about him at the time they furnished their respective reports.

30. On August 25, 2017, Wilson's Heating & Air informed Mr. Langley it would not hire him because it filled the position.

31. Surprised by this sudden reversal, Mr. Langley asked if he had passed the drug test. The Wilson's Heating & Air representative informed him he had passed.

32. Mr. Langley then spoke with Wilson's Heating & Air's owner, Bob Wilson. Mr. Wilson told Mr. Langley he could not be hired because of information in his background check.

33. Wilson's Heating & Air did not provide Mr. Langley with a description, in writing, of his rights under the FCRA.

34. Nor did Wilson's Heating & Air provide Mr. Langley with an opportunity to review the report or dispute the information in the report before deciding it would not move forward with Mr. Langley's employment.

35. A few days later, Mr. Langley received in the mail a "Pre-Adverse Action Letter" dated August 25, 2017, from Wilson's Heating & Air.

36. By that time, Wilson's Heating & Air had already informed Mr. Langley it had rescinded its offer of employment.

37. The August 25, 2017, letter informed Mr. Langley that Acutraq had provided the consumer report to Wilson's Heating & Air.

38. However, the consumer report enclosed with the cover letter was on SPMI's letterhead and contained the following disclaimer:

> WARNING: Based on the information provided SPMI: My HR Professionals search for public records in the sources referenced herein for criminal history information as permitted by federal and state law. "Records Found" means that our researchers found a record(s) in that jurisdiction that matched the personal identifiers (i.e., Name, SSN, Date of Birth, Address) listed for the subject in the above abstract. SPMI: My HR Professionals does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Further investigation into additional jurisdictions, or utilization of additional identifying information, may be warranted.

39. A separate page in the mailing contained a different disclaimer:

> The information provided above by ACUTRAQ Background Screening (CRA) searched for public records in the sources referenced herein for criminal history information as permitted by federal and state law. "Records Found" means that our researchers found a record(s) in that jurisdiction that matched at least one personnel identifier (i.e. Name or Date of Birth) listed for the subject of the above abstract. ACUTRAQ Background Screening (CRA) does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Further investigation into additional jurisdictions, or utilization of additional identifying information, may be warranted.

40. This report was a consumer report as defined by 15 U.S.C. § 1681a(d), and it contained adverse public record information purportedly about Mr. Langley.

41. Once Mr. Langley reviewed the consumer report, he discovered why Wilson's Heating & Air had rescinded his job offer.

42. According to the consumer report, Acutraq found a criminal record for Mr. Langley in its "Alias Multi-State Criminal/Sex Offender Search," and it labeled him as a convicted felony sex offender.

43. The consumer report stated that Mr. Langley had been convicted in Crawford County of a "Class C Felony" for "Sexual Abuse-1st Degree" with an offense date of "10/14/1999" and a disposition date of "4/14/2000." The report further stated that Mr. Langley was sentenced: "Suspended Imposition of Sentence-60 months," "Probation: 12 months," "Fine $500.00," "Costs: $150.00/MO," and "Attend Psyc counseling, DNA Fee $250.00, $250.00 Sex Offender Fee, No Contact w/Victim or Mother, Sex Offender Registration Form Filed."

44. According to the report, the name on the criminal record with which Mr. Langley had been matched was "Langley, Thomas Jefferson" and the "DOB on Record" was "04/14/XXXX."

45. This criminal record did not belong to Mr. Langley.

46. Mr. Langley has never been charged with or convicted of a Class C Felony for Sexual Abuse in the First Degree, nor is he a registered sex offender.

47. Although the report stated that Mr. Langley's date of birth matched the date of birth on the record, this was false.

48. The date of birth on the criminal record was not "04/14/XXXX." Instead, the criminal record states it belongs to an individual who would have been 56 in 1999.

49. Mr. Langley was 31 years old in 1999.

50. The criminal record belongs to Mr. Langley's father, who has a different birth month, day and year, social security number, and address than does Mr. Langley, and who was 56 in 1999.

51. Notwithstanding that the record did not belong to Mr. Langley, Acutraq and SPMI matched Mr. Langley to the felony record and reported him as a convicted sex offender to Wilson's Heating & Air.

52. On or about August 30, 2017, Mr. Langley contacted Acutraq to dispute its report to Mr. Langley's prospective employer that he was a convicted sex offender.

53. During the telephone conversation with Acutraq, the Acutraq representative told Mr. Langley she could see that the birthdate in the consumer report did not match the birthdate in the Crawford County criminal record.

54. Several days later, Mr. Langley received a letter in the mail from Sarah Boyd, Acutraq's Operations Manager, dated August 30, 2017.

55. According to the letter, Acutraq had reinvestigated the sex offender record that Mr. Langley disputed and "determined the following inaccuracies were included in our original report: Sexual Abuse Charge out of Crawford County Arkansas."

56. The letter also informed Mr. Langley that Acutraq had amended its consumer report to eliminate the sex offender criminal record and it had sent a copy of the amended report to Wilson's Heating & Air.

57. For Mr. Langley, Acutraq's revisions were too little, too late, as Wilson's Heating & Air has refused to move forward with its previous offer of employment to Mr. Langley.

## FIRST CLAIM FOR RELIEF
### (15 U.S.C. § 1681e(b))
### (Acutraq)

58. Plaintiff realleges Paragraph Nos. 1-57 as if fully set forth.

59. Acutraq violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparing the consumer report furnished regarding Plaintiff.

60. Acutraq knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw.

61. Acutraq obtained or had available substantial written materials that apprised it of its duties under the FCRA.

62. Despite knowing of these legal obligations, Acutraq acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

63. Acutraq's violation of 15 U.S.C. § 1681e(b) was willful, rendering Acutraq liable under 15 U.S.C. § 1681n. In the alternative, Acutraq was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

64. Because of this conduct by Acutraq, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF
## (15 U.S.C. § 1681k)
## (Acutraq)

65. Plaintiff realleges Paragraph Nos. 1-57 as if fully set forth.

66. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

67. Acutraq violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up.

68. Acutraq knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw.

69. Acutraq obtained or had available substantial written materials that apprised it of its duties under the FCRA.

70. Despite knowing of these legal obligations, Acutraq acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

71. Acutraq's violation of 15 U.S.C. § 1681k was willful, rendering Acutraq liable under 15 U.S.C. § 1681n. In the alternative, Acutraq was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

72. Because of this conduct by Acutraq, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### THIRD CLAIM FOR RELIEF
### (15 U.S.C. § 1681e(b))
### (SPMI)

73. Plaintiff realleges Paragraph Nos. 1-57 as if fully set forth.

74. SPMI violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparing the consumer report furnished regarding Plaintiff.

75. SPMI knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw.

76. SPMI obtained or had available substantial written materials that apprised it of its duties under the FCRA.

77. Despite knowing of these legal obligations, SPMI acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

78. SPMI violation of 15 U.S.C. § 1681e(b) was willful, rendering SPMI liable under 15 U.S.C. § 1681n. In the alternative, SPMI was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

79. Because of this conduct by SPMI, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of

employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FOURTH CLAIM FOR RELIEF
### (15 U.S.C. § 1681k)
### (SPMI)

80. Plaintiff realleges Paragraph Nos. 1-57 as if fully set forth.

81. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

82. SPMI violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him, and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up.

83. SPMI knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw.

84. SPMI obtained or had available substantial written materials that apprised it of its duties under the FCRA.

85. Despite knowing of these legal obligations, SPMI acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

86. SPMI's violation of 15 U.S.C. § 1681k was willful, rendering SPMI liable under 15 U.S.C. § 1681n. In the alternative, SPMI was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

87. Because of this conduct by SPMI, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FIFTH CLAIM FOR RELIEF
### (15 U.S.C. § 1681b(b))
### (Wilson's Heating & Air)

88. Plaintiff realleges Paragraph Nos. 1-57 as if fully set forth.

89. Wilson's Heating & Air used a consumer report to take an adverse employment action against Plaintiff.

90. Wilson's Heating & Air violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the consumer report and a description of his rights under the FCRA before taking an adverse employment action against him that was based, even in part, on the consumer report.

91. This practice violates one of the most fundamental protections afforded to employees under the FCRA and runs counter to longstanding regulatory guidance. (Federal Trade Commission letter dated June 9, 1998, to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify

the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information...").

92. Wilson's Heating & Air knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw. *See Reardon v. Closetmaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)(certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013)(class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012)("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006) ("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

93. Despite knowing of these legal obligations, Wilson's Heating & Air acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

94. Wilson's Heating & Air violation of 15 U.S.C. § 1681b(b)(3)(A) was willful, rendering Wilson's Heating & Air liable under 15 U.S.C. § 1681n. In the alternative, Wilson's Heating & Air was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

95. Because of this conduct by Wilson's Heating & Air, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## DEMAND FOR JURY TRIAL

96. Plaintiff demands a jury trial on all claims for which he has a right to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief:

    a. That judgment be entered for Plaintiff against Defendants for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681

    b. That the Court grant such other and further relief against Defendants as may be just and proper, including any equitable relief that may be permitted.

Date: September 26, 2017

_____
William Crowder (Ark. Bar No. 2003138)
Corey D. McGaha (Ark. Bar Bo. 2003047)
CROWDER MCGAHA LLP
5507 Ranch Drive, Suite 202
Little Rock, Arkansas 72223-0043
Tel: (501) 205-4026
Fax: (501) 367-8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

Andrew L. Weiner (pro hac motion to be filed)
Georgia Bar No. 808278
Jeffrey B. Sand (pro hac motion to be filed)
Georgia Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
Tel: (404) 205-5029
Tel: (404) 254-0842
Fax: (866) 800-1482
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

**COUNSEL FOR PLAINTIFF**